# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD THOMPSON,** | Civil Action No. 13-6282 (FLW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **STEPHEN D'ILIO,** | |
| Respondent. | |

This matter has been opened to the Court by Petitioner's filing of a motion to reopen his habeas case (ECF No. 11), which, in relevant part, seeks a new parole hearing because the United States Parole Commission ("Parole Commission") allegedly withheld from Petitioner a letter submitted by the Bureau of Prisons ("BOP") opposing his release on parole. It appearing that:

1. In his original habeas petition, Petitioner challenged his 2013 parole proceeding and alleged that the Parole Commission violated his due process rights under the Fifth Amendment by failing to set a final parole date at his last parole hearing and for imposing a sex-offender special condition on any eventual parole. Shortly after he filed his Petition, Petitioner asked the Court to "supplement" his original Petition. In that Supplement to his original Petition, he sought a new parole hearing because the Parole Commission allegedly withheld from Petitioner a letter submitted by the BOP opposing his release on parole. (*See* ECF Nos. 1-2.)

2. The matter was reassigned to the undersigned on March 10, 2015. (ECF No. 8.) By Opinion dated October 27, 2016, the Court dismissed the habeas claims raised in Petitioner's original Petition and administratively terminated the action without ruling on the claim raised in

Petitioner's Supplement. *See Thompson v. D'Ilio*, No. CV 13-6282 (FLW), 2016 WL 6305953, at *5 (D.N.J. Oct. 27, 2016).

3. In so doing, the Court noted that Petitioner was scheduled to receive a new interim parole hearing in May 2015, and further noted that because Petitioner sought only a new parole hearing, his request to supplement his Petition may be moot if he in fact received a new hearing. *Id.* at *5. Finally, the Court also noted that it was not clear if Petitioner was still in federal custody. (*Id.*) For these reasons, the Court administratively terminated the action and provided Petitioner with 30 days within which to inform the Court regarding whether (1) he was still in federal custody and whether (2) he was still seeking relief on the claim raised in his Supplemental Petition. (*Id.*)

4. Petitioner subsequently filed the instant motion to reopen his habeas case (ECF No. 11), which clarified that he was still in federal custody and argued that the issue raised in the supplement to his petition is not moot because Petitioner has not had the opportunity to see the contents of the BOP letter opposing his parole or had an opportunity to respond to the letter.

5. Because the Court cannot determine whether the claim has merit without the relevant record, the Court will grant Petitioner's motion to reopen and Order Respondent to file an Answer to Petitioner's Supplemental Petition (ECF No. 2) within 30 days of the date of this Order.[1] Respondent shall provide the relevant record, including the BOP letter, if it exists, and should cite to the legal authority that supports its position.[2] Petitioner may file a reply to the

---

[1] On November 14, 2016, the Respondent submitted a letter that clarified that Petitioner was still incarcerated at New Jersey State Prison. (ECF No. 12, Nov. 14, 2016 Letter from David Bober.) Respondent further represented that Petitioner had received a parole hearing in May 2015, but did not provide any details about the issues raised in that parole hearing.

[2] To the extent Respondent intends to argue that the Petition is moot or that the issue was addressed in a subsequent parole proceeding, Respondent shall provide the relevant record(s) for Petitioner's subsequent parole hearing(s).

Government's Answer within 30 days of his receipt of the Answer. The Court will administratively terminate this action for docket management purposes until the briefing is complete and the Court issues its Opinion with respect to Petitioner's Supplemental Petition.

6. Finally, the Court also notes that Petitioner has submitted what may be a new Petition for habeas corpus based on his July 2016 parole proceedings. (*See* ECF No. 17.) To the extent Petitioner wishes to challenge his July 2016 parole hearing, he must exhaust his administratively remedies with respect to the claims regarding his 2016 parole proceedings. Furthermore, he must bring those claims <u>in a new habeas proceeding</u>, and may not tack them on to the instant habeas proceeding. The Court therefore, declines to address the new allegations regarding Petitioner's 2016 parole proceedings in this action, but Petitioner is free to file a new petition challenging his July 2016 parole hearing after he exhausts his administrative remedies.

**IT IS, THEREFORE**, on this 23rd day of June, 2017,

**ORDERED** that the Clerk of the Court shall REOPEN this matter so that the Court may consider Petitioner's motion to reopen his habeas proceedings; and it is further

**ORDERED** that for the reasons stated above, Petitioner's motion to reopen (ECF No. 11) is GRANTED; and it is further

**ORDERED** that Respondent shall file a full answer to the Supplemental Petition (ECF No. 2) within 30 days of the date of this Memorandum and Order; and it is further

**ORDERED** that Petitioner may file a reply within 30 days of his receipt of Respondent's answer; and it is further

**ORDERED** that Petitioner is informed that any challenge to his July 2016 parole proceeding must be brought <u>in a new habeas action</u> after Petitioner has exhausted his administrative remedies; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this action for docket management purposes at this time;[3] and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[3] Petitioner is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction over his case and will decide the matter once the additional briefing is completed. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).