UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD THOMPSON,

    Petitioner,

  v.

STEPHEN D'ILIO,

    Respondent.

Civil No. 13-6282 (FLW)

**MEMORANDUM AND ORDER**

  Petitioner *pro se*, Richard Thompson ("Thompson" or "Petitioner"), is a federal prisoner presently incarcerated by special arrangement at New Jersey State Prison, in Trenton, New Jersey. This matter is before the Court on a Supplement to Petitioner's Writ of Habeas Corpus Under 28 U.S.C. § 2241, in which Thompson seeks a new parole hearing because of the Parole Commission's alleged failure to disclose letters opposing parole submitted by the Bureau of Prisons ("BOP").[1] (ECF No. 2.) On June 23, 2017, the Court ordered respondent Steven D'Ilio ("Respondent") to file a response to the supplemental petition and to include "the relevant record, including the BOP letter." (ECF No. 18.) Respondent filed a Supplemental Memorandum in Opposition to the Supplemental Petition, accompanied by 116 pages of administrative record, including two letters from the BOP to the Parole Commission, dated March 3, 2011 and April 9, 2013. (ECF Nos. 22 & 22-2 at ECF pp. 112–15.) In each of those letters, apparently responding to pre-hearing letters from the Parole Commission inviting BOP input, the BOP Director expressed opposition to paroling Thompson based on his crimes committed while in BOP custody. (*Id.*)

---

[1] The Court denied the original portions of Thompson's habeas petition on October 27, 2016. (ECF Nos. 9 & 10.)

Thompson thereafter filed a motion to compel Respondent to produce copies of the letters that the Parole Commission sent to invite input from the BOP, arguing that these letters "are an essential part to Petitioner's claim." (ECF No. 25.)  The Court denied this motion, finding that Respondent had met his obligation to submit "the relevant record," as counsel had certified that the documents filed with the response, which included the BOP letters Thompson had previously lacked, comprised the entire case file since 2012 (except audio recordings).  (ECF No. 26.)  The Court explained that, if the letters soliciting BOP input were not before the Parole Commission when it rendered its decision, such letters were not relevant to whether Thompson received due process before the Parole Commission.  (*Id.*)

Thompson now moves for reconsideration of that order.  (ECF No. 27.)  Thompson alleges that his supplemental petition "argu[es] the [Parole Commission] wrote the [BOP] two letters[,] [o]ne dated 2/28/11, and a second letter dated 3/20/13, soliciting their input on the potential of granting Petitioner parole."  (*Id.* ¶ 1.)  Thompson alleges that the order must be reconsidered, as it was a product of fraud upon the Court, contending that, "[c]learly, these letters dated 2/28/11, and 3/20/13, were used prior to the Commission rendering it's [sic] decision."  (*Id.* ¶¶ 7–8.)

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly.  *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014).  A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  L. Civ. R. 7.1(i).  Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously.  *See*

*Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Thompson does not identify any change in law or newly available evidence, and the Court construes his motion as alleging a clear error of law or fact. While Thompson does not clearly identify an alleged error of law or fact, he contends that the Court's prior order resulted from a fraud upon the Court. By this, he seems to allege that Respondent was dishonest in representing that the documents included with the supplemental response comprise the complete file before the Parole Commission. Thompson has submitted no evidence that supports this contention.

In any case, the same facts and arguments were fully presented to the Court when it decided the motion to compel. Thompson's disingenuous attempt to recast his supplemental petition as concerning the letters sent by the Parole Commission soliciting input from the BOP (rather than the letters sent by the BOP providing input to the Parole Commission) does not alter the Court's prior analysis. Thus, this motion for reconsideration represents an improper attempt to reargue old matters that not only could have been, but were, previously raised. It remains the case that the gist of Thompson's supplemental petition is the allegation that he was denied due process by being deprived of the opportunity to respond to evidence that was before the Parole Commission when it denied him parole; documents that played no part in this decision accordingly have no relevance to the claim. Therefore, the motion for reconsideration is denied.

Thompson has also filed a motion for the appointment of counsel, which he feels will streamline the process of litigation. (ECF No. 29.) A habeas petitioner has no constitutional or statutory right to representation by counsel. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254. Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present his case. *See, e.g.*, *Fuscaldo v. Nogan*, Civ. No. 16-4198 (JMV), 2016 WL 5660436, at *1–2 (D.N.J. Sept. 28, 2016); *Shelton v. Hollingsworth*, Civ. A. No. 15-1249 (JBS), 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

An appointment of counsel is not warranted at this time. Without reaching any conclusion as to the ultimate merit of Thompson's claim, the Court observes that the issues are not particularly complex, nor does it seem Thompson is lacking in ability to present them. Thompson's claim implicates mainly legal issues, the resolution of which will likely not require any factual investigation beyond the underlying record. Consequently, the Court does not find that the interests of justice require appointing Thompson counsel. In the event, however, that the Court subsequently deems an evidentiary hearing necessary, the Court may *sua sponte* reconsider Thompson's application.

Therefore, IT IS, on this 27th day of November 2018,

ORDERED that Petitioner's Motion for Reconsideration, (ECF No. 27), is DENIED; and it is further

ORDERED that Petitioner's Motion for Appointment of Counsel, (ECF No. 29), is DENIED; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Freda L. Wolfson  
FREDA L. WOLFSON  
United States District Judge